**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **EXECUTOR OF TINA MARIE PUFFER (ESTATE),** *Plaintiff,* | § | |
| **VS.** | § | **CIVIL NO. 4:26-CV-887-P** |
| **TARRANT COUNTY MUNICIPAL CORPORATION, ET AL.,** *Defendants.* | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AS TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Pending before the Court is an "Expedited Exparte Motion for Temporary Restraining Order and Preliminary Injunction" [doc. 12] ("Motion"), filed by *pro se* Plaintiff "Executor of Tina Marie Puffer (Estate)"[1] ("Plaintiff") on September 2, 2026. In the Motion, Plaintiff requests that the Court grant a Temporary Restraining Order[2] ("TRO") enjoining the enforcement of what appears to be, to the best of the Court's interpretation of the Motion, the enforcement of the outcome of a criminal case against Tina Marie Puffer ("Puffer"). (*See* Plaintiff's Motion ("Pl.'s Mot.") at 2–4; Complaint and Request for Injunction [doc. 1] ("Plaintiff's Complaint" or "Pl.'s Compl.") at 6–11.) The Court notes that the Motion does not mention that the action Plaintiff

---

[1] Although not clear, it appears from the pleadings that Tina Marie Puffer is not deceased, and there is therefore no "Estate."

[2] To the extent Plaintiff is simultaneously requesting a preliminary injunction, such request fails for (1) mootness and (2) failure to demonstrate likelihood of success on the merits, for the reasons set forth herein. *See Harris Cnty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306 (5th Cir. 1999) (setting forth a preliminary injunction's requirements). Even so, a preliminary injunction may not be granted without the opposing party being heard, and neither Tarrant County Municipal Corporation nor Richard Poster (together, "Defendants") have appeared in this case. Fed. R. Civ. Pro. 65(a)(1) "The court may issue a preliminary injunction only on notice to the adverse party."); *see also CarMax Auto Superstores Inc.*, 177 F.3d at 325 ("The Rule's notice requirement necessarily requires that the party opposing the preliminary injunction has the opportunity to be heard and to present evidence."). In any event, Plaintiff has failed to allege any notice given to Defendants.

seeks to enjoin is the result of a state criminal case. However, the Complaint sets forth a winding statement of facts in which Plaintiff complains of Puffer accepting a plea bargain in a state court case brought in Tarrant County, Texas, for money laundering and felony theft. (Pl.'s Compl. at 7–8.) Plaintiff, in the Motion, appears to want the Court to enjoin an attorney status meeting set for September 3, 2026, because Plaintiff fears the state court would take Puffer into custody at such meeting. (Pl,'s Mot. at 3–4.) Plaintiff filed the Motion on September 2, 2026, one day before the alleged attorney status meeting he sought to enjoin. (Pl,'s Mot. at 1–2.) Having carefully reviewed the Motion, the Court **FINDS, CONCLUDES, and RECOMMENDS** that the Motion be **DENIED** as moot and for having no likelihood of success on the merits.

"Under Article III, § 2 of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004) (internal quotation marks and citations omitted). "'Mootness is a threshold jurisdictional inquiry.'" *DeOtte v. State*, 20 F.4th 1055, 1064 (5th Cir. 2021) (quoting *La. Env't Action Network v. U.S. EPA*, 382 F.3d 575, 580 (5th Cir. 2004)). A case becomes moot when "intervening circumstances make it impossible for the court to 'grant any effectual relief.'" *Pool v. City of Hous.*, 978 F.3d 307, 313 (5th Cir. 2020) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)). As stated above, Plaintiff apparently seeks to enjoin an attorney status meeting scheduled on September 3, 2026, a date that has now passed. Since the Court cannot enjoin a meeting scheduled on a date that has already happened, it can grant no effectual relief. *Id.* at 313. Accordingly, the court **FINDS, CONCLUDES, and RECOMMENDS** that the Motion be **DENIED** as moot.

Further, to obtain a TRO, Plaintiff must satisfy the following four requirements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance

of the injunction will not disserve the public interest. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *Champion Nat'l Sec., Inc. v. A&A Sec. Grp., LLC*, No. 3:21-CV-00528-M, 2021 WL 1400979, at *3 (N.D. Tex. Apr. 13, 2021). The party seeking injunctive relief must clearly carry the heavy burden of persuasion on all four prerequisites to prevail. *See Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief.'" *CompuCom Sys., Inc. v. WJ Global, LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (quoting *Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009)).

Plaintiff has shown no likelihood of success on the merits because the Motion makes no legally cognizable argument for relief. Plaintiff merely argues that the estate has the "priority claim" to Puffer over the State's interest in her. (Pl.'s Mot. at 12.) Presumably, Puffer is a human person and cannot be property of an estate. The estate therefore has no claim that defeats the state court's right to demand Puffer's appearance. Consequently, because the Motion presents no legally cognizable claim to relief, the Court **FINDS, CONCLUDES**, **and RECOMMENDS** that the Motion be **DENIED** for having no likelihood of success on the merits.[3]

**NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de*

[3] The Court also questions whether it has subject matter jurisdiction over this case under *Younger* abstention or the *Rooker-Feldman* doctrine, but it does not reach these issues for purposes of the TRO.

*novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **September 22, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED September 8, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE